## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON JAMES, | : | Civil No. 1:18-CV-01805 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| LAUREL HARRY, *et al.*, | : | |
| | : | |
| Defendants. | : | Magistrate Judge Martin C. Carlson |

### MEMORANDUM

Before the court in this prisoner civil rights case are Defendants' motion to dismiss the second amended complaint, a report and recommendation addressing the motion issued by United States Magistrate Judge Martin C. Carlson, Plaintiff Aaron James's ("James") objections to the report and recommendation, and two motions to strike filed by James. (Docs. 35, 41–43, 46.) For the reasons that follow, the report and recommendation is adopted in its entirety, James's complaint is dismissed with prejudice, and James's motions to strike are denied as moot.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

James initiated this case by filing a complaint on September 10, 2018. (Doc. 1.) On January 28, 2019, the court granted Defendants' partial motion to dismiss the complaint. (Doc. 24.) James then filed an amended complaint on April 26, 2019 and a second amended complaint on July 10, 2019. (Docs. 28, 34.)

The second amended complaint brings claims against several defendants connected to SCI Camp Hill, the institution in which James is incarcerated. (Doc.

1

34.)  According to the second amended complaint, James was falsely accused of assaulting another inmate in 2018 and sentenced to sixty days in the Restricted Housing Unit ("RHU") following a prison disciplinary hearing.  (*Id.* at 4.)  While in the RHU, James was subjected to a series of sexually explicit insults by Defendant CO Boone and denied time in the yard by Boone.  (*Id.* at 5.)  On one occasion, James also asked Boone to call the prison's medical department because James was having headaches, but Boone refused to do so.  (*Id.*)  James filed a grievance and a complaint under the Prison Rape Elimination Act ("PREA") against Boone, who subsequently came to James's cell and ripped up a copy of the grievance in front of James.  (*Id.* at 6.)  James and Boone exchanged words, after which James was given a misconduct citation for threatening an officer and given thirty days in the RHU.  (*Id.*)  James later filed another grievance against Boone because Boone intentionally served other inmates before James when he distributed meals.  (*Id.* at 7.)  Later that year, James was charged with filing a false PREA complaint and lying to an employee in connection with his grievances against Boone.  (*Id.* at 8.)  James was found not guilty of the PREA charge but guilty of lying to an employee and was sentenced to thirty days of cell restriction.  (*Id.*)  After this incident was resolved, James filed several other grievances against prison staff, all of which were deemed frivolous, which, according to James, was "another retaliatory act by Camp Hill."  (*Id.*)

The second amended complaint raises twelve counts for relief: (1) sexual harassment; (2) breach of duty to protect; (3) failure to administer adequate medical care; (4) falsifying misconduct charges; (5) violation of procedural due process rights; (6) violation of PREA procedures; (7) "violation of unconstitutional conduct"; (8) "causation"; (9) cruel and unusual punishment; (10) "failure to act to remedy a wrong"; (11) theft and failure to replace stolen property; and (12) retaliation.  (*Id.* at 9.)

Defendants moved to dismiss the second amended complaint on August 12, 2019, and filed a brief in support of their motion on the same day.  (Docs. 35–36.) James did not file a brief in opposition to the motion, so Judge Carlson issued an order on September 6, 2019, requiring James to file an opposition brief on or before September 20, 2019.  (Doc. 37.)  In that order, Judge Carlson specifically warned that a motion to dismiss may be deemed unopposed and granted under Local Rule 7.6 when a non-movant fails to respond to the motion.  (*Id.*)  James filed a response to Judge Carlson's order, indicating that he had not yet received a copy of the motion to dismiss.  (Doc. 38.)  After receiving this response, Judge Carlson ordered Defendants to serve a copy of the motion to dismiss and supporting brief on James and ordered James to file a brief in opposition on or before October 21, 2019.  (Doc. 40.)  James did not file a brief in opposition to the motion or otherwise respond to Judge Carlson's order.

On December 2, 2019, Judge Carlson issued a report and recommendation in which he recommends that the court dismiss James's second amended complaint. (Doc. 41.)  Judge Carlson first recommends that the complaint be dismissed under Local Rule 7.6 given James's failure to respond to Defendants' motion to dismiss. (*Id.* at 3–5.)  Judge Carlson additionally recommends dismissing the complaint for James's failure to prosecute his case.  (*Id.* at 5–10.)  This recommendation is based on Judge Carlson's review of the six factors a court should assess when considering an involuntary dismissal under *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), all of which Judge Carlson finds weigh in favor of dismissal.  (*Id.*)  Finally, Judge Carlson recommends dismissing James's second amended complaint because "many of James's claims fail on their merits."  (*Id.* at 10–27.)

James filed objections to Judge Carlson's report and recommendation on December 9, 2019.  (Doc. 43.)  James does not address the conclusion that the motion to dismiss should be deemed unopposed and he does not address the conclusion that his second amended complaint should be dismissed for failure to prosecute.  (*Id.*)  James also concedes that Judge Carlson's analysis of the merits was correct as to the majority of James's second amended complaint.  (*Id.* at 1.) The only substantive objection James raises pertains to Judge Carlson's conclusion that James's due process claims arising from his disciplinary hearings fail to state a

4

claim upon which relief may be granted.  (*Id.* at 1–2.)  James alleges that he was

convicted of misconducts based on inadmissible hearsay only, which violates his

due process rights.  (*Id.* at 2.)  James additionally argues that the report and

recommendation should not be adopted because it is unsigned in violation of

Federal Rule of Civil Procedure 58.  (*Id.* at 3.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the

district court is required to conduct a de novo review of the contested portions of

the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may

accept, reject, or modify the magistrate judge's report and recommendation in

whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive

further evidence or recommit the matter to the magistrate judge with further

instructions.  *Id.*  "Although the standard is de novo, the extent of review is

committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper."

*Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v.

Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation

to which no objections have been raised.  *Univac Dental Co. v. Dentsply Int'l, Inc.*,

702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140,

149 (1985)).  Instead, the court is only required to "satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation."  *Id.*

(quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

At the outset, the court notes that James has not objected to the

recommendation that the motion to dismiss be deemed unopposed under Local

Rule 7.6 and has not objected to the recommendation that his second amended

complaint be dismissed for failure to prosecute.  Accordingly, the court reviews

those recommendations only for clear error.  *Univac*, 702 F. Supp. 2d at 469.

Finding none, the court will adopt those recommendations and dismiss James's

second amended complaint.

As for James's specific objections, the court first finds no merit to the

objection that his disciplinary hearings violated his right to procedural due process.

Although prisoners are afforded some due process protections during disciplinary

hearings, "[p]rison disciplinary proceedings are not part of a criminal prosecution,

and the full panoply of rights due a defendant in such proceedings does not apply."

*Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To satisfy a prisoner's due process

rights during a disciplinary hearing, a prison must provide "(1) advance written

notice of the disciplinary charges; (2) an opportunity, when consistent with

institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).  An inmate is also entitled to have his claims considered by an impartial decision maker.  *Wolff*, 418 U.S. at 571.

As for the evidentiary standard applicable in a prison disciplinary hearing, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board."  *Hill*, 472 U.S. at 455.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455–56 (citing *United States ex rel. Vajtauer v. Comm'r of Immigration at Port of N.Y.*, 273 U.S. 103, 106 (1927)).  This standard can be met even where the prison disciplinary board relies on nothing more than hearsay evidence.  *Griffin v. Spratt*, 969 F.2d 16, 22 (3d Cir. 1992).  Accordingly, James's objection is without merit and will be overruled.

James's objection that the report and recommendation was not signed is also without merit because the report and recommendation was, in fact, signed.  (*See* Doc. 41 at 28.)

CONCLUSION

For the foregoing reasons, Judge Carlson's report and recommendation is adopted in its entirety, James's second amended complaint is dismissed with prejudice, and James's motions to strike are denied as moot.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 29, 2020